NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0041n.06

No. 11-3013

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 11, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| JUAN MARTINEZ-RENDON, | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     MERRITT and COLE, Circuit Judges; VARLAN, District Judge.[*]

COLE, Circuit Judge.  Defendant-Appellant Juan Martinez-Rendon appeals his sentence of forty-eight months' imprisonment for illegally reentering the United States after committing a felony, in violation of 8 U.S.C. § 1326(b).  The Presentence Investigation Report ("PSR") calculated an advisory range of ten to sixteen months and recommended the maximum of sixteen months, due to Martinez-Rendon's recidivism.  The district court issued an upward variance, imposing a sentence of forty-eight months, based on Martinez-Rendon's repetition of the instant offense, a series of prior crimes that did not count toward his criminal history category, and the lack of regard for public safety that this history displayed.  Martinez-Rendon challenges this variance as unreasonable, claiming that the district court increased his criminal history category without adequate explanation and double-counted his prior felony conviction.  We AFFIRM.

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I.  BACKGROUND

On June 2, 2010, Martinez-Rendon pleaded guilty to one count of unlawful presence in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  Section 1326(b)(1) carries a statutory maximum penalty of ten years.  Martinez-Rendon previously had been deported on two separate occasions.  His first deportation occurred in late 2000, after his third conviction for driving under the influence of alcohol ("DUI") and an attempted escape from custody.  He returned to the United States and thereafter pleaded guilty to facilitation of possession of over half a gram of cocaine on January 10, 2003.  Following a four-year period of incarceration and a fourth DUI conviction, Martinez-Rendon was again deported in the fall of 2008.  In October 2009, Immigration and Customs Enforcement ("ICE") received information indicating that Martinez-Rendon had returned to the United States.  ICE agents apprehended him on May 1, 2010.  Upon apprehension, Martinez-Rendon cooperated completely with the ICE agents, admitting to his true identity and his unlawful reentry.

The PSR set forth a total offense level of ten and a criminal history category of three, yielding a Guidelines sentence of ten to sixteen months.  Based on numerous offenses not factored into the criminal history calculation and Martinez-Rendon's repeated illegal reentries into the United States, the PSR recommended a sentence at the top of the Guidelines range, sixteen months, and three years of supervised release.  Taking the advisory and statutory ranges into account, the district court considered the factors enumerated in 18 U.S.C. § 3553(a) and imposed an upward variance, sentencing Martinez-Rendon to forty-eight months' incarceration, followed by three years of supervised release.  This appeal follows.

## II. ANALYSIS

Martinez-Rendon challenges his sentence as both procedurally and substantively unreasonable. He claims that the district court arrived at the above-Guidelines sentence by increasing his base offense level from ten to twenty-one. He contends that the court impermissibly relied on factors not countable toward an "upward departure," and "double counted" his prior narcotics conviction to justify an offense-level increase. Martinez-Rendon misses, however, that a "variance" and a "departure" are not two versions of the same thing. *See United States v. Denny*, 653 F.3d 415, 420-21 (6th Cir. 2011).[1] In this case, the district court upwardly varied, on the basis of the discretion afforded by *United States v. Booker*, 543 U.S. 220 (2005).

### A. Standard of Review

We review the district court's sentence for substantive and procedural reasonableness under an abuse-of-discretion standard. *United States v. Martinez*, 588 F.3d 301, 324 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 56 (2007)). We apply the same standard whether the district court imposed a sentence within or outside the advisory range established by the Guidelines. *United States v. Herrera-Zuniga*, 571 F.3d 568, 590-91 (6th Cir. 2009). Unlike sentences within the Guidelines range, however, sentences outside it carry no presumption of reasonableness. *Id.* at 582. We ensure that such sentences have sufficient support from the district court's analysis of the § 3553(a) factors. *United States v. Keller*, 498 F.3d 316, 326 (6th Cir. 2007) (citing *United States*

---

[1]An above- or below-Guidelines sentence is a "departure" where it is "based on Chapter 5 of the Guidelines." *United States v. Jordan*, 544 F.3d 656, 671 n.12 (6th Cir. 2008) (citing *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006), *rev'd on other grounds by Irizarry v. United States*, 553 U.S. 708 (2008)). A "variance" is based on the § 3553(a) factors. *Id.*

*v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), *vacated*, 552 U.S. 1088 (2008)).  To affirm, we must find the sentence both procedurally and substantively reasonable.  *Id.* at 322.

## B.  Procedural Reasonableness

Martinez-Rendon argues that the district court improperly calculated his sentence under the Guidelines, ignored clear Guidelines policy directives, and failed to explain adequately its chosen sentence.  We review the procedural reasonableness of the district court's sentence by ascertaining whether it:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Barahona-Montenegro*, 565 F.3d 980, 983 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).  The record of the sentencing hearing must reflect that the court considered the § 3553(a) factors.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011).  Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary," to satisfy the purposes of sentencing.  *Denny*, 653 F.3d at 420 (quoting 18 U.S.C. § 3553(a)) (internal quotation marks omitted).  These purposes include:

> [T]he need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). In assessing this need, the district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the various available sentences and the policies behind them. *Id.* §§ 3553(a)(3)-(5).

A review of the record, including the sentencing hearing transcript, establishes that the district court did not abuse its discretion in determining Martinez-Rendon's sentence. The PSR properly calculated, and the district court properly accepted, Martinez-Rendon's Guidelines range. The base offense level for violating 8 U.S.C. § 1326(b) is eight, after which Martinez-Rendon received a four-level enhancement for his previous felony conviction, and a two-level reduction for acceptance of responsibility. His criminal history reflects a series of misdemeanors committed more than ten years ago (which do not count toward his criminal history category), a drug offense, and a drunk-driving offense, yielding a criminal history category of three.

The transcript likewise shows that the court fully considered the § 3553(a) factors. Regarding Martinez-Rendon's history and characteristics, the court noted his multiple illegal reentries into the United States and sought a sentence "sufficiently severe to deter this defendant from further illegal entries into the United States." (Tr. of Sentencing Hr'g, Dist. Ct. Docket No. 25, at 8.) It further found that Martinez-Rendon's criminal history evinced "a lack of respect for the judicial system and for the administration of justice," especially given his multiple prior drunk driving offenses and his failure to enroll in an alcohol treatment program previously offered to him. (*Id*. at 9.) Based on the DUIs, the court concluded that "this man's presence in the United States presents a significant risk of injury to the innocent citizens of the United States." (*Id.* at 10.) The court considered the

statutory range, which permits up to ten years of incarceration, and understood it to reflect Congress's view that "there may be certain cases of illegal entry by a convicted felon which could warrant a sentence as severe as 10 years in prison." (*Id.* at 11.) With this in mind, the court sentenced Martinez-Rendon to forty-eight months' incarceration, coupled with three years of supervised release, in order to adequately convince Martinez-Rendon "that he is not to illegally reenter the United States, and he is not to continue committing offenses in the United States." (*Id.*)

Martinez-Rendon does not argue that the district court failed to consider his mitigating evidence in imposing the sentence. Given the district court's express articulation of the § 3553(a) factors and the explicit connections that the court drew between those factors and the need for an above-Guidelines sentence, we conclude that the court imposed a procedurally reasonable sentence.

## C. *Substantive Reasonableness*

Martinez-Rendon maintains that the court improperly double-counted his narcotics conviction by considering it as part of the § 3553(a) analysis, when it already factored into his criminal history category. He further claims that the court impermissibly relied on his uncounted misdemeanors, because Guidelines policy dictated that courts may consider them only in "rare" circumstances where the criminal history "substantially under-represents" the defendant's criminal past. *See* U.S.S.G. § 4A1.3(a)(1).

The Supreme Court requires us to give district courts substantial latitude to calculate sentences that they deem appropriate. Indeed, it has made clear that "'[n]o limitation shall be placed on the information' a sentencing court may consider 'concerning the [defendant's] background, character, and conduct.'" *Pepper v. United States*, 131 S. Ct. 1229, 1235-36 (2011) (alterations in

original) (quoting 18 U.S.C. § 3661) (relying on this principle to strike down a statutory provision limiting the information that district courts may consider in sentencing).

As a cardinal rule, the fact that we might reasonably disagree with the sentence imposed is insufficient to justify vacating a sentence imposed by a district court. *Johnson*, 640 F.3d at 202 (citing *Gall*, 552 U.S. at 51). We may not apply a presumption of unreasonableness to above-Guidelines sentences, but rather must examine the totality of the circumstances and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (quoting *Gall*, 552 U.S. at 51).

We may find a sentence substantively unreasonable if it appears that the district court has "select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or giv[en] an unreasonable amount of weight to any pertinent factor." *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). Where a sentence deviates from the Guidelines, we may "require some correlation between the extent of the variance and the justification for it," but we may not apply a "rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Davis*, 537 F.3d at 614 (quoting *Gall*, 552 U.S. at 47).

Here, the court did not rely on impermissible factors in determining Martinez-Rendon's sentence. The district court did not double count the narcotics conviction, because it properly considered that conviction as part of Martinez-Rendon's history and characteristics, under § 3553(a)(1). Likewise, the district court used sound discretion in considering Martinez-Rendon's

uncounted misdemeanors as part of his history and in considering the need to promote respect for the law and protect the public from Martinez-Rendon's future crimes, pursuant to §§ 3553(a)(1) and (2), respectively. The policy statement discouraging courts from considering "out of time" convictions does not bind the court. *Keller*, 498 F.3d at 319 (citing *Booker*, 543 U.S. at 261). Rather, courts retain broad discretion to "impose a sentence sufficient but not greater than necessary to serve the § 3553(a) factors." *Davis*, 537 F.3d at 618.

Given that the district court imposed an above-Guidelines sentence, the question is whether the court relied on facts that distinguish this instance of illegal reentry from the "mine run of cases" contemplated by the Guidelines. *See Rita v. United States*, 551 U.S. 338, 351 (2007). We agree with the district court that the record supports the upward variance in this case. While Martinez-Rendon's criminal history included only two non-immigration offenses over the past ten years, the record suggests that Martinez-Rendon's ability to keep his more recent crimes to a minimum follows as much from his four-year incarceration and two deportations as from any attempt at reform. Second, his four DUIs, while not commanding high sentences, raise the inference that Martinez-Rendon's mere presence in this country may pose a danger to himself and others. Finally, Martinez-Rendon's persistence in driving while under the influence of alcohol, coupled with his repeated reentry into this country in defiance of court orders, evidences a lack of deterrence from committing future crimes. The Supreme Court has made clear that few factors are "impermissible" in the sentencing context, *see Pepper*, 131 S. Ct. at 1240, and thus, it was not an abuse of discretion for the district court to rely on Martinez-Rendon's past crimes in imposing an upward variance.

## III.  CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.