ROGERS, J., delivered the opinion of the court, in which KETHLEDGE, J., joined, and BORMAN, D.J., joined in part. KETHLEDGE, J. (pg. 606), delivered a separate concurring opinion. BORMAN, D.J. (pp. 606-18), delivered a separate opinion concurring in part and dissenting in part.
OPINION
ROGERS, Circuit Judge.
Steven McCloud challenges his 140-month sentence, claiming among other things that the district court considered the wrong statutory range. McCloud pled guilty to distributing 19.4 grams of crack cocaine, was released on bond, and subsequently failed to appear for sentencing. After evading law enforcement for over three years, McCloud was captured and sentenced to 140 months of imprisonment and four years of supervised release. Between McCloud’s plea and sentencing, Congress enacted the Fair Sentencing Act of 2010 (FSA), which reduced the statutory sentencing range applicable to McCloud from 5-40 years to 0-20 years. McCloud’s *602 Guidelines range of 140-175 months was entirely within both the incorrect (5-40 years) and correct (0-20 years) statutory ranges, and McCloud’s counsel failed to object at sentencing. Although the district court erred in using the pre-FSA statutory range, that error did not affect McCloud’s substantial rights because it is highly unlikely that a properly calculated statutory range with no effect on the Guidelines range would have changed the district court’s imposition of a within-Guidelines sentence. The district court therefore did not commit plain error. McCloud’s other arguments are also without merit.
McCloud was charged in federal district court with three counts of distributing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841, on December 3, 2008. On December 9, McCloud entered into a plea agreement under which he pled guilty to one count of the indictment in exchange for dismissal of the other counts. McCloud was released on bond pending sentencing, but he failed to appear at his hearing and remained at large for over three years. McCloud was eventually arrested and appeared for sentencing on June 21, 2012.
At sentencing, McCloud requested a reduction under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 for acceptance of responsibility. The district court denied this request, noting that such a reduction was incompatible with the obstruction-of-justice enhancement that the court was applying under U.S.S.G. § 3C1.1, based on McCloud’s three-year effort to evade sentencing. The district court determined the applicable Guidelines range to be 140-175 months, and adopted in full the Presentence Report, which listed the applicable statutory range as 5-40 years. The district court then imposed a sentence of 140 months, at the low end of McCloud’s Guidelines range, to be followed by a four-year term of supervised release. McCloud now appeals his sentence.
Although the district court erred in adopting the Presentence Report, which listed an incorrect statutory range of 5^0 years, that error did not affect McCloud’s substantial rights. McCloud argues that he must be resentenced because the district court used an incorrect statutory sentencing range. Because McCloud failed to object to the statutory range below, this claim is reviewed only for plain error affecting McCloud’s substantial rights. See United States v. Blackwell, 459 F.3d 739, 771 (6th Cir.2006). When McCloud pled guilty in 2008, the applicable statutory range was 5-40 years. However, passage of the FSA in 2010 reduced the applicable statutory range to 0-20 years, and although McCloud pled guilty in 2008, since he had not been sentenced when the FSA was enacted, the FSA applied retroactively to him. See Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2335, 183 L.Ed.2d 250 (2012). Therefore, the district court erred when it adopted in full the Presentence Report listing the pre-FSA statutory sentencing range.
While the district court committed procedural error, that error did not affect McCloud’s substantial rights, and resen-tencing is therefore not required on this ground. The record makes clear that the district court did not rely on the statutory sentencing range in arriving at a sentence of 140 months of imprisonment. Although the FSA removed the five-year minimum sentence, and reduced the maximum sentence from forty to twenty years for someone convicted of distributing more than five grams of crack cocaine, there is no indication in the record suggesting that the district court would have imposed a lower sentence based on the post-FSA statutory range. The record indicates, instead, that the district court’s sentence was driven by *603 McCloud’s Guidelines range, which was enhanced by McCloud’s decision to obstruct justice and avoid sentencing for over three years. The district court imposed a sentence at the low end of the correct Guidelines range, which range was in turn entirely within both the incorrect and correct statutory ranges. Because the district court did not commit plain error, resen-tencing is not required.
Although a district court’s incorrect calculation of the applicable Guidelines range typically amounts to plain error, the same is not true for the applicable statutory range. This court has made clear that “[a] sentencing court commits procedural error by failing to calculate (or improperly calculating) the Guidelines range.” United States v. Rosenbaum, 585 F.3d 259, 266 (6th Cir.2009). Failure to apply the correct Guidelines range generally constitutes plain error. See United States v. Story, 503 F.3d 436, 441 (6th Cir.2007); see also United States v. Batista, 415 Fed.Appx. 601, 607 (6th Cir.2011). However, McCloud cites no cases that support his position that a district court commits plain error by imposing a sentence falling within the applicable statutory range despite citing the wrong statutory range. Unlike the Guidelines, which are designed to guide the district court toward an appropriate sentence based on the defendant’s criminal history and the factual circumstances of the instant offense, the statutory range only delineates the outer bounds of the district court’s discretion in imposing a penalty. McCloud therefore fails to draw a persuasive analogy between a wrongly calculated Guidelines range and an incorrect statutory range, and his position finds no support in the case law of this circuit.
An incorrect Guidelines range presents a distinct and more serious procedural error than an incorrect statutory range because of the process that district courts must use to arrive at a sentencing decision. The Supreme Court has made clear that “a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.” Gall v. United States, 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In our view, having reviewed innumerable sentencing transcripts, district judges do not arrive at a sentence within the statutory limitations and then consider whether that sentence falls -within the Guidelines range. Instead, district, judges calculate the Guidelines range first, then consider the factors in 18 U.S.C. § 3553 to see if a variance is appropriate. See Gall, 552 U.S. at 49-50, 128 S.Ct. 586. The statutory range serves only to limit the extent of a potential variance from the Guidelines range. While an incorrect calculation of the Guidelines range would therefore seriously affect the sentence a defendant received, an incorrect statutory range would likely not, at least in a case where the properly-calculated Guidelines range was well within the correct statutory range. Remand, in short, would be a useless exercise.
The plain error standard of review supports our conclusion that resentencing is not required in this case. In a recent sentencing decision governed by the FSA, we remanded for resentencing after determining that the district court failed to properly advise the defendant of the correct post-FSA statutory range at the time of his plea. See United States v. Hogg, 723 F.3d 730 (6th Cir.2013). Hogg is distinguishable, however, because the defendant raised his claim before the district court, and we therefore reviewed his claim under the less stringent harmless error standard. We indicated, however, that “a defendant surrenders the comparative benefit of harmless error review, and instead must satisfy the more demanding plain error standard, if he fails to timely object to a claimed Rule 11 violation.” Id. at 737. McCloud’s claim must be reviewed *604 for plain error because it was not raised below. McCloud did not meet his burden of establishing that the district court’s error affected his substantial rights, and that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. See United States v. Vonn, 535 U.S. 55, 62-63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).
McCloud also cannot derive support from the Supreme Court’s recent decision in Alleyne v. United States, — U.S.-, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In Alleyne, the error in the calculation of the sentence clearly affected the sentence. For the count in question, Alleyne had been sentenced to the very seven-year statutory minimum that the Supreme Court held was not applicable. See id. at 2163. Alleyne in short holds nothing about the relief required when an incorrect calculation of statutory range appears to make no difference.
We recognize that the Eighth Circuit recently held that it was plain error for a district court to impose a sentence based on a seven-year mandatory minimum when the fact triggering that minimum—that the defendant brandished a gun while committing the offense—was never found by the jury. United States v. Lara-Ruiz, 721 F.3d 554, 558 (8th Cir.2013). The Eighth Circuit reasoned as follows, relying in part on the Sixth Amendment analysis in Al-leyne:
Lara-Ruiz’s rights were substantially affected because he was sentenced for a statutory crime different from that which the jury found him guilty. The Court in Alleyne pointed out that “because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received if a different range had been applicable.” Alleyne, 133 S.Ct. at 2162. The Court went on to explain that if the “judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range.” Id. Here, however, the sentencing court expressly stated that even if the five-year mandatory minimum was applied, the court would have weighed the § 3553(a) factors in a similar manner and the ultimate sentence would be the same. Regardless of this statement, Lara-Ruiz was, as earlier noted, sentenced for a crime which he did not commit according to the jury. As a result, the court used a sentencing range that was not applicable to the crime of conviction. As Justice Thomas, writing for the majority, insisted, such an increase “aggravate[s] the punishment” and “[ejlevating the low-end of a sentencing range heightens the loss of liberty associated with the crime.” Id. at 2161. By elevating the low-end of the sentencing range, “the defendant’s expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish.” Id. (internal quotations omitted). Accordingly, Lara-Ruiz’s rights were substantially affected by the court’s sentence.
721 F.3d at 558.
This analysis does not apply in McCloud’s case for two reasons. First, the discussion in Alleyne to the effect that brandishing is an element rather than a sentencing factor was for purposes of the Court’s Sixth Amendment analysis; it did not mean that Alleyne’s conviction had to be reversed. Instead, the Supreme Court remanded for resentencing “consistent *605 with the jury’s verdict.” See Alleyne, 133 S.Ct. at 2164. This permits the possibility—unlikely in Alleyne but highly likely in Lara-Ruiz—that the same sentence might properly be entered. Where the Sixth Amendment error had no effect on the sentence, as indicated in the facts of Lara-Ruiz because of the district court’s alternative ruling, it would appear, with respect, that the Eighth Circuit should have affirmed. Indeed, in our circuit, a clear enough statement of what the district court would have done if it was wrong in its Sixth Amendment analysis permits a harmless error finding. See, e.g., United States v. Katzopoulos, 437 F.3d 569, 577 (6th Cir.2006) (collecting cases).
Second, even if the Eighth Circuit was correct in finding plain error because of the fundamental nature of Sixth Amendment protections, that also distinguishes Lara-Ruiz and Alleyne from this case. There is no Sixth Amendment error here at all. This is not a Sixth Amendment case but a case involving a statutory change in the range of punishment for a particular set of facts. It was the law that changed, not whether a jury had to find a certain fact. All the relevant facts, both before and after the FSA applied, were properly determined. Thus even if Larctr-Ruiz was correctly decided, there was no plain error in McCloud’s case with respect to the erroneously determined statutory sentencing range.
McCloud’s other arguments are also without merit. The district court did not commit procedural error by denying McCloud a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In reviewing the district court’s application of the sentencing guidelines, this court reviews the district court’s legal conclusions de novo and its factual findings for clear error. See United States v. Gensehow, 645 F.3d 803, 813 (6th Cir.2011). The district court’s decision to deny an acceptance-of-responsibility reduction is “entitled to great deference on review.” Id. The district court enhanced McCloud’s Guidelines range for obstruction of justice under U.S.S.G. § 3C1.1 because McCloud failed to appear for sentencing and evaded law-enforcement for over three years. The district court also noted that a reduction under § 3E1.1 was incompatible with McCloud’s conduct because McCloud had clearly not accepted responsibility in deciding to run away and avoid sentencing. There is no clear error in the district court’s conclusions and McCloud’s argument is without merit.
The district court also did not commit plain error when it incorrectly told McCloud that the maximum term of supervised release he faced was two years. Because McCloud failed to raise this claim below, this court reviews it only for plain error affecting McCloud’s substantial rights. See Blackwell, 459 F.3d at 771. At the plea hearing on December 9, 2008, the district court incorrectly told McCloud that he faced a two-year period of supervised release. However, the district court’s isolated misstatement had no impact on McCloud’s substantial rights. There is no indication that this statement induced McCloud to enter into a plea agreement, and the record indicates that the district court had properly advised McCloud that he faced a four-year maximum term of supervised release shortly before its misstatement. McCloud has not met his burden of showing that there is a reasonable probability that, but for this error, he would not have entered a plea agreement. See United States v. Williams, 899 F.2d 1526, 1531 (6th Cir.1990). McCloud’s arguments to the contrary are meritless.
The district court’s sentence was substantively reasonable. McCloud’s argument that the district court abused its *606 discretion by imposing a 140-month sentence, at the low end of the applicable Guidelines range, is meritless. McCloud has not overcome the presumption of reasonableness applied to a within-Guidelines sentence under Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
The district court’s judgment is affirmed.