NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0036n.06

No. 13-3298

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 16, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| TYLER HAMILTON, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE and GRIFFIN, Circuit Judges; PEARSON, District Judge.[*]


PER CURIAM.

Pursuant to a binding plea agreement that mandated a sentence of 60 to 120 months, defendants Tyler Hamilton pleaded guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1). The district court determined that, based on the amount of heroin involved in the offense, Hamilton's base offense level was 28. The court added two levels under U.S.S.G. § 2D1.1(b)(1) because Hamilton possessed a dangerous weapon and two levels under § 2D1.1(b)(2) for Hamilton's use of violence. The court determined, however, that Hamilton was ultimately subject to a base offense level of 38 under the cross-reference in § 2D1.1(d)(1) because he killed a victim under circumstances that would constitute second-degree murder under 18 U.S.C. § 1111 had the killing taken place in a federal jurisdiction. The district court subtracted three levels for acceptance of responsibility, resulting in a total offense level of 35.

---

[*] The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Based on the total offense level of 35 and a criminal history category of II, Hamilton's guidelines range of imprisonment was 188 to 235 months. The district court sentenced him to 120 months in prison. Hamilton now appeals his sentence.

On appeal, Hamilton makes the following arguments: (1) the district court erred by using the preponderance-of-the-evidence standard to determine whether he committed murder for purposes of the cross-reference in § 2D1.1(d)(1); (2) the evidence did not support application of the cross-reference under any standard; and (3) the district court miscalculated the drug quantity attributable to him and erred by applying the two-level enhancement under § 2D1.1(b)(2).

Because Hamilton did not argue in the district court that it was error to employ the preponderance-of-the-evidence standard in connection with the cross-reference in § 2D1.1(d)(1), we review the claim for plain error. *See United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012). The district court did not plainly err by employing the preponderance-of-the-evidence standard because, as we have previously held, it was not required to use a higher standard. *See United States v. Brika*, 487 F.3d 450, 461-62 (6th Cir. 2007) ("Thus, . . . we reaffirm our earlier holding that due process does not require sentencing courts to employ a standard higher than preponderance-of-the-evidence, even in cases dealing with large enhancements"); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006). ("We find that the district court committed no Fifth or Sixth Amendment violation when it used the preponderance of the evidence standard.").

Hamilton next argues that, under any standard, the evidence did not support application of the cross-reference in § 2D1.1(d)(1). When reviewing a district court's application of the sentencing guidelines, we review legal conclusions de novo and factual findings for clear error. *United States v. McCloud*, 730 F.3d 600, 605 (6th Cir. 2013). The cross-reference in § 2D1.1(d)(1) applies if a victim was killed under circumstances that would constitute murder

under 18 U.S.C. § 1111 had the killing occurred in a federal jurisdiction. U.S.S.G. § 2D1.1(d)(1).

The district court did not clearly err by concluding that Hamilton shot and killed the victim after their altercation had ended and the victim was lying on the ground outside of Hamilton's vehicle. At the sentencing hearing, the prosecution presented evidence that a witness saw Hamilton and the victim engaging in an altercation in Hamilton's vehicle. After the victim was ejected from the vehicle, the witness saw Hamilton fire three shots at the victim while he was on the ground trying to roll away from Hamilton. In addition, the district court's findings were consistent with other evidence in the record, including the trajectory of the fatal shot, the lack of soot or stippling on the victim, and the pristine condition of a bullet found at the scene. Based on the district court's factual findings, it properly determined that Hamilton did not act in self-defense and that he committed second-degree murder for purposes of the cross-reference in § 2D1.1(d)(1). *See* 18 U.S.C. § 1111(a).

Finally, as Hamilton concedes, in his briefing on appeal, his challenges to the drug quantity determination and two-level enhancement under § 2D1.1(b)(2) are moot, given that the district court properly concluded that he was subject to a higher offense level under the cross reference in § 2D1.1(d)(1).

Accordingly, we affirm Hamilton's sentence.