**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0256n.06

No. 14-3191

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 09, 2015<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| DONTAE R. LACKEY, | ) | THE NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges.

PER CURIAM. Pursuant to a written plea agreement, Dontae R. Lackey pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846 and two counts of use of a telephone to facilitate a drug-trafficking felony in violation of 21 U.S.C. § 843(b). The district court sentenced Lackey to 37 months of imprisonment followed by five years of supervised release. Lackey appeals his sentence.

Lackey first contends that the district court erred in assessing three criminal-history points for his 1996 bank-fraud convictions. "In reviewing the district court's application of the sentencing guidelines, this court reviews the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. McCloud*, 730 F.3d 600, 605 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1528 (2014).

On May 31, 1996, the district court sentenced Lackey for two separate bank-fraud convictions (Case Nos. 5:95CR401 and 1:96CR33) to concurrent terms of ten months of imprisonment and three years of supervised release. Prior to his sentencing in the bank-fraud cases, a federal grand jury charged Lackey with conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine (Case No. 5:96CR106). On January 14, 1997, the district court sentenced Lackey for the drug-conspiracy offense to 135 months of imprisonment to be served concurrently with his sentence for the bank-fraud offenses, followed by five years of supervised release. The district court subsequently amended the judgment to impose 127 months and 18 days of imprisonment to be served concurrently with the sentence imposed in the bank-fraud cases. Lackey's supervised release began on December 20, 2004. Less than six months later, on May 3, 2005, a federal grand jury charged Lackey with possession of a firearm by a felon (Case No. 5:05CR222). On September 15, 2005, the district court sentenced Lackey to 38 months of imprisonment and three years of supervised release for his felon-in-possession conviction, revoked his supervised release, and sentenced him to six months of imprisonment for the violation of his supervised release on his bank-fraud and drug-conspiracy convictions, to be served concurrently to each other and consecutively to his felon-in-possession sentence.

USSG § 4A1.1(a) provides for three criminal-history points "for each prior sentence of imprisonment exceeding one year and one month." Any term of imprisonment imposed upon revocation of supervised release is added to the original term of imprisonment for purposes of calculating criminal-history points. USSG § 4A1.2(k)(1). The district court added Lackey's six-month revocation sentence to his original ten-month sentence for his bank-fraud convictions for a total of 16 months of imprisonment. Lackey argues that the six-month revocation sentence was imposed upon revocation of his supervised release for the drug-conspiracy conviction only,

asserting that his sentence for the bank-fraud convictions had expired long before 2005 and that the district court's orders reflecting the revocation of his supervised release on the bank-fraud convictions constituted a "book-keeping error." According to Lackey, his imprisonment for the drug-conspiracy conviction did not extend indefinitely his previously imposed term of supervised release for the bank-fraud convictions. Contrary to Lackey's argument, "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime . . . ." 18 U.S.C. § 3624(e). Accordingly, Lackey's three-year term of supervised release for the bank-fraud convictions did not run during his imprisonment for the drug-conspiracy conviction. That term began to run upon Lackey's release in December 2004 and was still running when he violated the conditions of his supervision in April 2005. The district court properly added the six-month revocation sentence to Lackey's original ten-month sentence and assessed three criminal-history points for his bank-fraud convictions.

Lackey further argues that his 1996 bank-fraud convictions were too old to be counted for criminal-history purposes. The district court properly counted Lackey's bank-fraud convictions because his last release from incarceration with respect to those convictions—his release after serving the six-month revocation sentence—was within fifteen years of the instant offenses. *See* USSG § 4A1.2(e)(1), (k)(2).

Next, Lackey contends that, as a matter of due process, he should be given the benefit of the two-level reduction given to his co-defendants in anticipation of Amendment 782 to the sentencing guidelines, which reduced by two levels the base offense level for most drug offenses. But when an amendment to the guidelines applies retroactively, "the proper procedure is for this court to affirm the sentence but to remand for consideration of whether the prisoner is entitled to

a sentence reduction under [18 U.S.C.] § 3582(c)." *United States v. Poole*, 538 F.3d 644, 646 (6th Cir. 2008). Lackey has now filed a motion for immediate limited remand to the district court for consideration of his motion for a sentence reduction.

In his reply brief, Lackey asserts that the district court erred in failing to determine his criminal-history category. The district court calculated Lackey's guidelines range as 30 to 37 months under criminal-history category IV or 37 to 46 months under criminal-history category V. Declining to decide whether Lackey fell within criminal-history category IV or V, the district court concluded that a sentence of 37 months of imprisonment was appropriate regardless of the range. Lackey waived this issue by failing to raise it in his opening brief. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006).

For the foregoing reasons, we AFFIRM Lackey's sentence and grant his motion to remand for the district court's consideration of his motion for a sentence reduction.