UNITED STATES of America,
Plaintiff–Appellee,

v.

Leslie James COE, Defendant–
Appellant.

No. 14–3691.

United States Court of Appeals,
Sixth Circuit.

Nov. 19, 2015.

BEFORE: DAUGHTREY, COOK, and WHITE, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

Leslie Coe challenges as procedurally unreasonable the 300–month aggregate sentence imposed on his plea of guilty to two counts of sexual exploitation of children and one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct. Coe asserts the district court plainly erred by imposing a five-level enhancement for distributing child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" under U.S.S.G. § 2G2.2(b)(3)(B), rather than a two-level enhancement under § 2G2.2(b)(3)(F). Finding no plain error, we **AFFIRM.**

I.

During an FBI investigation of a peer-to-peer (P2P) file-sharing program in March 2013, an agent downloaded files depicting children under age ten engaged in sexual acts from an IP address eventually traced to Coe. Three computers, flash drives, CDs, photographs, a camera, and other evidence were seized pursuant to a search warrant executed at Coe's residence. Forensic examination of the seized equipment revealed 1,310 videos containing child pornography; 218 files containing child pornography that included infants, bestiality, and sadism and masochism; and photographs of a teenage boy under the age of eighteen with whom Coe admitted engaging in a sexual relationship from ap-

proximately 1998 to 2001. PSR ¶¶ 7–14, PID 249, 251–53, 255.

A four-count indictment charged Coe with two counts of sexual exploitation of children, 18 U.S.C. § 2251(e), one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(1). The Government dismissed the fourth count in exchange for Coe's guilty plea to the first three counts.

The Presentence Investigation Report (PSR) calculated Coe's Guidelines range as 360 to 720 months (offense level 42, criminal history category I).[1] The district court adopted the PSR's calculations but, citing Coe's age (68) and his medical condition, sentenced him to a below-guidelines 300–month aggregate sentence: concurrent 120–month sentences on the child sexual exploitation counts and a consecutive 180–month sentence on the receipt and distribution count.[2]

## II.

Coe asserts that the district court relied on clearly erroneous facts and misinterpreted the Guidelines when it applied a five-level enhancement under § 2G2.2(b)(3)(B)[3] based on his mere use of a file-sharing P2P program and absent evidence of a transaction. Appellant Br. 9, 17.

Review of claims not raised at sentencing, including a claim that a sentence is procedurally unreasonable, is for plain error.[4] *United States v. McCloud,* 730 F.3d 600, 602 (6th Cir.2013); *United States v. Vonner,* 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). Coe must show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner,* 516 F.3d at 386 (internal quotation marks and citation omitted).

Agreeing with the PSR,[5] the district court applied a five-level enhancement for distributing child pornography "for the re-

---

1. The PSR applied the 2013 version of the Sentencing Guidelines. PID 50/PSR at 18.

2. PID 214. The district court recommended that Coe be placed at a federal medical facility and participate in individual therapy and sex-offender treatment. PID 127.

3. Section 2G2.2(b)(3) addresses trafficking, receiving, possessing with the intent to traffic, and possessing material involving the sexual exploitation of a minor and provides:
   (b) Specific Offense Characteristics
   . . . .
   (3) (Apply the greatest) If the offense involved:
   (A) Distribution for pecuniary gain, increase by the number of levels . . . corresponding to the retail value of the material, but by not less than 5 levels.
   (B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

(C) Distribution to a minor, increase by **5** levels.
(D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by **6** levels.
(E) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by **7 levels.**
(F) Distribution other than distribution described in subdivisions (A) through (E), increase by **2** levels.
U.S.S.G. § 2G2.2(b)(3) (bold emphasis in original).

4. Coe acknowledges that plain-error review applies. Appellant Br. 8, 18.

5. PID 140/PSR ¶ 35.

ceipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," under U.S.S.G. § 2G2.2(b)(3)(B). That phrase is explained in Commentary to the Guideline:

> "Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. "Thing of value" means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration of the material received.

U.S.S.G. Manual § 2G2.2 cmt. 1 (U.S. Sentencing Comm'n 2013).

The Government maintains that the five-level enhancement was properly applied because Coe engaged in "transactions," including agreeing with eMule to share files more frequently in order to gain download priority and making his files available for others to download. Appellee Br. 14.

Coe counters that the record is devoid of evidence that he bartered, traded, or engaged in any type of in-kind or other transaction regarding any image or video constituting child pornography. Coe notes that the term "transaction" is undefined in the Guidelines and argues that we must thus apply its ordinary meaning, which he maintains requires involvement of two or more persons. Appellant Br. 9. He argues that without evidence of a "transaction," application of the enhancement constitutes plain error.

Although this court has not been called on to define the term "transaction" as used in Application Note 1 of the Guideline Commentary quoted *supra*, we need not do so here because *United States v. Mabee*, 765 F.3d 666 (6th Cir.2014), fore-closes a claim of plain error under the circumstances that Coe's sentencing memorandum acknowledged that "[t]he thing of value [ ] that warranted a five-part enhancement in ¶ 35 of the PSR was credit toward the downloading of other software titles from the peer to peer network," PID 119, 138, Coe acknowledged making thousands of images of child pornography available to eMule users, PID 211–12, 254–55, and he did not object to paragraph 12 of the PSR:

> 12. The defendant was interviewed by the FBI … For the past 5–6 years, he remarked he used EMULE (peer to peer file sharing application) to download files and also allowed other users to download from his collection through EMULE for download priority. He reportedly did this because he wanted "download credit time" to download various computer operating systems and graphic software he uses to restore computers he works on.

PID 138, 208.

Coe correctly asserts that *Mabee* does not equate use of a P2P program with a "transaction" for non-pecuniary gain as explained in § 2G2.2 cmt. 1. However, use of a P2P program is not irrelevant under *Mabee*; rather, courts must determine whether there is evidence, direct or circumstantial, that the defendant reasonably believed he would receive something of value by loading his child pornography files on a P2P network.

> [T]he circumstantial evidence of bartering or trading is bolstered by one crucial item: Mabee's acknowledgment that he "got into distribution of [child pornography because] in order to receive it, he had to agree that it was open for distribution." … That acknowledgment permits an inference that Mabee decided to distribute files with an "expectation of receipt," because, by his admission, he

knew that if he did not make his own files available, he could not receive any files in return from other file sharers. The inference is arguably weak because the acknowledgment by Mabee came through his attorney's affirmative response to a leading question posed by the court. Nevertheless, viewed as a whole, the evidence satisfies us that the district court did not commit clear or obvious error when it determined that Mabee engaged in the "[d]istribution [of child pornography] for the receipt, or expectation of receipt, of a thing of value." U.S.S.G. § 2G2.2(b)(3)(B).

*Mabee,* 765 F.3d at 675.

Coe's reliance on *United States v. Conner,* 521 Fed.Appx. 493, 499 (6th Cir.2013) (holding that use of file-sharing program without more warrants assessment of the two-level distribution enhancement, U.S.S.G. § 2G2.2(b)(3)(F)), and *United States v. Spriggs,* 666 F.3d 1284 (11th Cir. 2012) (holding that making child-pornography collection available for download by others on P2P network, standing alone, does not warrant a five-level enhancement), is misplaced because *Mabee* supports the district court's conclusion that Coe had sufficient expectation of receiving something of value.

Here, given Coe's trial counsel's acknowledgment that the "thing of value" that warranted the five-level enhancement "was credit toward the downloading of other software titles from the peer to peer network," PID 119, and Coe's statement to the FBI that he allowed others to download his files to get download priority and download credit time, PSR ¶ 12, the district court fairly concluded that Coe reasonably believed he would receive something of value by making his child pornography files available through a P2P network such that application of the five-level enhancement under § 2G2.2(b)(3)(B) was not plain error. *Mabee,* 765 F.3d at 674–75.

As a final note, we observe that Coe's 300–month aggregate sentence falls within the adjusted Guidelines range had the district court applied the two-level enhancement Coe advocates.[6] Appellee Br. 7.

For these reasons, we **AFFIRM.**

---

6. Had Coe received a two-level enhancement under § 2G2.2(b)(3)(F), his Guidelines range would have been 262 to 327 months (offense level 39, criminal history category I).