**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0571n.06

**Case No. 17-1308**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 06, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| MANUEL IBARRA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

**BEFORE: KEITH, McKEAGUE, and STRANCH, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Manuel Ibarra-Rodriguez pled guilty to illegal reentry and received an above-Guidelines prison sentence of thirty months. He challenges his sentence as procedurally and substantively unreasonable. Finding neither plain error nor abuse of discretion, we affirm.

**I**

Manuel Ibarra-Rodriguez is no stranger to the criminal justice system. His presentence report illustrates a troubling variety of adult convictions over a fifteen-year period: transporting open intoxicants in 2000; driving under the influence of alcohol in 2000; driving without a valid license in 2000, 2004, and 2005; possessing cocaine in 2002; operating while impaired in 2004; providing false information to a police officer in 2004; operating while intoxicated in 2005; assaulting and battering a friend in 2005; stealing another's identity in 2008; committing

domestic violence in 2012; maliciously destroying property in 2012; and unlawfully reentering the United States as a felon in 2013. R. 23, Presentence Report, at Page ID 57–61. Ibarra-Rodriguez reentered the United States and managed to come into contact with authorities in Michigan yet again in 2016, when he was arrested for possessing open intoxicants in a motor vehicle. *Id*. at Page ID 61.

After further investigation, a grand jury indicted Ibarra-Rodriguez with falsely claiming lawful residency, in violation of 18 U.S.C. § 1546(a), using a social security number not assigned to him, in violation of 42 U.S.C. § 408(a)(7)(B), and returning to the United States without authorization after his prior removal as a felon, in violation of 8 U.S.C. § 1326(a), (b)(1). R. 11, Indictment, at Page ID 14.

Ibarra-Rodriguez knowingly and voluntarily pled guilty to the third count, illegal reentry by a felon. R. 32, Plea Transcript, at Page ID 142. His Guidelines range was ten to sixteen months, in part because several convictions were too old to factor into the calculation of his criminal offense level. R. 23, Presentence Report, at Page ID 65.

The district court served notice on the parties that it was considering an upward departure under U.S.S.G. § 4A1.3 and an upward variance under 18 U.S.C. § 3553 based on Ibarra-Rodriguez's "overall criminal and law enforcement history," "the need for specific deterrence," and "public protection." R. 26, Notice, at Page ID 109. The district court finally noted it was "evaluating" whether an enhancement under U.S.S.G § 2L1.2(b)(2)(D) should apply. *Id*. at Page ID 109–10.[1]

The district court ultimately determined that an upward departure of one level to Category IV was appropriate because, in its view, Category III "understate[d]" the seriousness of

---

[1] Section 2L1.2(b)(2)(D) was first added in the November 1, 2016 revision of the Guidelines Manual.

Ibarra-Rodriguez's criminal history and "the recidivist risk . . . with this particular defendant." R. 33, Sentencing Transcript, at Page ID 167. The court also determined that a one-level departure did not suffice to meet the sentencing factors under 18 U.S.C. § 3553(a); accordingly, the court varied upward to offense level 13. The court did not, however, apply the enhancement under § 2L1.2(b)(2)(D) at sentencing because it realized that the prior notice had referenced a provision in the 2016 Guidelines, rather than the operative 2015 version. *See supra* note 1.

## II

Ibarra-Rodriguez first argues that his sentence is *procedurally* unreasonable and violates the *ex post facto* clause because the district court "essentially applied" the incorrect Guidelines.

"Failure to apply the correct Guidelines range generally constitutes plain error." *United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013).[2] In this case, the district court *referenced* the 2016 Guidelines on a few occasions over the course of the sentencing process. Nevertheless, after a careful review of the record, we remain confident the court *applied* the correct 2015 version of the Guidelines.

In support of his argument, Ibarra-Rodriguez first cites to the district court's initial notice, which was premised in part on the 2016, and not the 2015, version of the Guidelines. At sentencing, however, the court candidly admitted that it had referenced "a different book," *i.e.*, the 2016 Guidelines Manual, when it drafted the notice. R. 33, Sentencing Transcript, at Page ID 152.[3] Hence, the court stated that its initial notice regarding the enhancement was "not really

---

[2] We generally review a procedural unreasonableness challenge for abuse of discretion. *See, e.g.*, *United States v. Garcia-Robles*, 562 F.3d 763, 766 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). However, where, as here, the argument was not raised below, we review for plain error. *See, e.g.*, *United States v. Beckman*, 838 F.3d 731, 733 (6th Cir. 2016).

[3] The notice also stated that the court was "making no final decisions on any of these issues." R. 26, Notice, at Page ID 110.

an issue," and "we're where the probation officer has the guidelines"—"the 2015 guidelines rather than the 2016 guidelines." *Id.* And, crucially, the court correctly scored Ibarra-Rodriguez's Guidelines range at sentencing—without objection. *Id.* at Page ID 152, 155; R. 29, Statement of Reasons, at Page ID 119. Thus, the record shows that the error in the notice itself had no impact at sentencing.

Ibarra-Rodriguez cites to two other portions of the record where the district court referenced the 2016 Guidelines.

First, at sentencing, the district court observed that "the reality is under the current Guidelines Manual, which does not technically apply, there would be an 8-point enhancement that ties to the fact of multiple prior felony convictions preceding deportations." R. 33, Sentencing Transcript, at Page ID 170–71. However, the court also noted that "[b]ut for a few close shaves, there would be potentially even under the 2015 manual a potential 8-point enhancement." *Id.* at Page ID 171. When viewed in its proper context, the transcript shows the court made these references to illustrate the gravity of Ibarra-Rodriguez's criminal history and not out of any mistaken reliance on an inapplicable enhancement.

Second, in its statement of reasons, the district court noted as an "additional basis" for the sentence, "A better measure of the level of offense is provided . . . by the current guidelines which would have provided four separate 4-point enhancements based on two prior felonies preceding prior removals." R. 29, Statement of Reasons, at Page ID 122. Admittedly, this statement walks closer to the line. However, it does not cross that line.

The district court was entitled to explain that "the substance" of Ibarra-Rodriguez's criminal history warranted the imposition of a sentence "more serious than the 2015 enhancements permit." *Id.* The fact that the court referenced a newer version of the Guidelines

for comparison purposes does not mean that the court made "an incorrect Guidelines calculation." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013). The fact that the court's reasoning mirrored—as opposed to relied upon—the 2016 Guidelines does not mean that the court improperly used those guidelines as the "framework for sentencing." *See id.* at 2076. Rather, the record clearly shows that the 2015 Guidelines were the "starting point" at sentencing. *See id.* at 2083; R. 33, Sentencing Transcript, at Page ID 152; R. 29, Statement of Reasons, at Page ID 119. The court then meticulously explained its independent reasons for arriving at a thirty-month sentence.

Perhaps sensing the weakness in his argument, Ibarra-Rodriguez argues the district court "*essentially applied* the 2016 guidelines." Appellant's Brief at 6 (emphasis added). But, again, just because the court imposed an above-Guidelines sentence that *resembled* one with a 2016 enhancement does not mean that the court *applied* that enhancement in arriving at its starting point. *Cf. Peugh*, 133 S. Ct. at 2083. Accordingly, Ibarra-Rodriguez's first argument lacks merit.

## III

Ibarra-Rodriguez next asserts his sentence is *substantively* unreasonable, arguing that the district court "failed to properly weigh [his] criminal history and relied on the inapplicable 2016 guideline manual." Appellant's Brief at 18. We review a challenge to an above-Guidelines sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and find none here.

The district court specifically addressed the § 3553(a) factors, expressing serious concern about Ibarra-Rodriguez's criminal history and his danger to the public. The court thoroughly recited its reasons for arriving at a thirty-month sentence—noting in particular the need to protect

others from the consequences of Ibarra-Rodriguez's conduct, conduct that has included a disturbing pattern of domestic violence and driving under the influence of alcohol. Moreover, the court noted that Ibarra-Rodriguez's prior sentence of ten months' incarceration for an identical offense "just a few years ago in this very building" did not deter his unlawful reentry.

Ibarra-Rodriguez notes that several prior sentences "were relatively lenient," and thus argues the district court failed to consider those sentences "as a mitigating factor." Appellant's Brief at 16. Yet, those lenient sentences actually bolster the court's assessment that a Guidelines sentence no longer sufficed. And Ibarra-Rodriguez's attempts to minimize his prior offense conduct were reasonably rebuffed by the court, which appropriately found his "*repetition* of misconduct" troubling. R. 33, Sentencing Transcript, at Page ID 164 (emphasis added) ("Assault and battery seems to be a recurring problem. Domestic violence seems to be a recurring problem."). The district court clearly intended to specifically deter Ibarra-Rodriguez from any further pattern of unlawfully reentering the United States and endangering others.

Ibarra-Rodriguez's thirty-month sentence—above the advisory range of ten to sixteen months—is "certainly harsh," but it "is not 'unreasonable.'" *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009) (affirming a forty-eight month sentence for illegal reentry—above the advisory range of twenty-four to thirty months—based on the defendant's significant criminal history, repeated recidivism, and other factors); *see, e.g.*, *United States v. Martinez-Rendon*, 454 F. App'x 503 (6th Cir. 2012) (affirming a forty-eight month sentence for illegal reentry—above the advisory range of ten to sixteen months—based on the defendant's prior deportations and convictions for driving under the influence of alcohol and drug possession); *see also United States v. Solano-Rosales*, 781 F.3d 345 (6th Cir. 2015) (affirming upward variance based on prior removals and domestic violence convictions).

6

"Regardless of whether we would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of the defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *Herrera-Zuniga*, 571 F.3d at 591. In this case, the district court's sentence is justified and not substantively unreasonable.[4]

## IV

Accordingly, having rejected Ibarra-Rodriguez's arguments that his sentence is procedurally and substantively unreasonable, we **AFFIRM**.

---

[4] Because we find the district court did not rely upon an inapplicable Guidelines Manual, Ibarra-Rodriguez's argument that such reliance was an improper factor fails. *See supra* Part II.