NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0580n.06

Case No. 21-5284

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>GREGORY KRISHEN,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
</table>

**FILED**
Dec 13, 2021
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; SILER and READLER, Circuit Judges.

SILER, Circuit Judge. Gregory Krishen pleaded guilty to 18 U.S.C. § 2423(b), which prohibits anyone from traveling in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with another person. Section 2423(b) carries a maximum penalty of 30 years imprisonment. But 18 U.S.C. § 2426(a) triples the maximum for defendants who have a "prior sex offense conviction," as defined by § 2426(b)(1).

Krishen had a prior state-law conviction for handling or fondling a minor under the age of sixteen "in a lewd, lascivious, or indecent manner." Believing this qualified as a prior sex offense conviction under § 2426(b)(1)(B), the district court applied the § 2426(a) enhancement and tripled Krishen's maximum penalty.

Krishen claims the district court erred when it applied the § 2426(a) enhancement. But even if he's right—even if the district court incorrectly calculated his statutory range of punishment—sentencing errors are harmless where the error "did not cause the defendant to receive a more severe sentence than would have existed without the error." *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014) (quotation marks and citation omitted). And here the district court relied exclusively on the Guidelines range and the 18 U.S.C. § 3553 factors when it reasoned through Krishen's sentence. Nothing suggests the application of § 2426(a) caused Krishen to receive a more severe sentence than he otherwise would have received. So if any error occurred, the error was harmless. We affirm.

I.

In the early 1990s, Krishen was a social worker living in Georgia. He sexually abused a twelve-year-old girl. In 1992, he pleaded nolo contendere to Florida Statutes § 800.04(1), which at the time prohibited any person from "[h]andl[ing], fondl[ing] or mak[ing] an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner." As punishment he received one year of probation.

History repeated itself several years later when Krishen sexually abused minor boys. In 2019, a federal grand jury in the Western District of Tennessee indicted him on three criminal counts. Count I charged him with transporting a minor in interstate commerce "with the intent that [the individual] engage in any sexual activity for which any person can be charged with a criminal offense," in violation of 18 U.S.C. § 2423(a). Count II charged him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). And Count III charged him with committing the felonies listed

in Counts I and II while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A.

Krishen agreed to plead guilty to Count II, and in exchange the government promised to dismiss Counts I and III. Count II carries a statutory penalty range of 0–30 years. *Id.* § 2423(b). But 18 U.S.C. § 2426(a) triples the maximum for defendants who have at least one "prior sex offense conviction," as defined by 18 U.S.C. § 2426(b)(1). Section 2426(b)(1) defines "prior sex offense conviction" as

> a conviction for an offense
>
> (A) under this chapter, chapter 109(A), chapter 110, or section 1591; or
>
> (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States[.]

The plea agreement notified Krishen of the government's plan to argue that his 1992 Florida conviction qualified as a prior sex offense conviction under § 2426(b)(1)(B). If the district court agreed, then Krishen would face a maximum penalty of 90 years imprisonment, not the 30 years under 18 U.S.C. § 2423(b).

At sentencing, the district court evaluated whether Krishen's state conviction was a prior sex offense conviction. This posed a difficult threshold question: How to gauge whether a state-court conviction "consist[ed] of conduct that would have" violated a federal crime listed in § 2426(b)(1)(A)? Should the court use a categorical approach and "look only to the statutory definitions—i.e., the elements" of the state crime to see if they align with the elements of a listed federal offense? *See Descamps v. United States*, 570 U.S. 254, 261 (2013) (internal quotation marks omitted). Or should it look "to the particular facts underlying [the state-law] conviction[]" and ask whether those would violate a federal offense listed in § 2426(b)(1)(A)? *Id.* The defense

- 3 -

argued for the categorical approach, the government for the factual approach. Both sides agreed there was no "case law directly on point."

The district court agreed with the government. Section 2426(b)(1)(B) uses the word "conduct," and conduct, the court held, implies a fact-specific analysis, not the elemental analysis of the categorical approach. Because the conduct underlying Krishen's 1992 conviction would violate at least one § 2426(b)(1)(A) offense—18 U.S.C. § 2244(a)(3), with reference to § 2243(a)—the court applied the § 2426(a) enhancement and tripled Krishen's maximum penalty.

The district court calculated the Guidelines imprisonment range and found Krishen's total offense level to be 34. With a criminal history score of I, this yielded a Guidelines range of 151–188 months. Neither the prosecution nor the defendant objected to this calculation.

The district court considered the sentencing factors listed in 18 U.S.C. § 3553 and imposed a 180-month sentence. This was near the top of the Guidelines range but fell well under the pre-enhancement maximum of 30 years.

## II.

Krishen raises only one argument on appeal: The district court's decision to apply a conduct-centric analysis to § 2426(b)(1)(B) was erroneous. According to Krishen, the district court's conduct-centric analysis improperly expanded his statutory range of punishment. And though the error didn't affect the Guidelines imprisonment range, he says it "may have" influenced the district court's decision to sentence him at the higher end of the Guidelines.

But we need not decide whether § 2426(b)(1)(B) calls for a conduct-centric analysis or a categorical analysis. Even if the district court erred when it examined the conduct underlying Krishen's 1992 conviction, the error was harmless.

III.

Sentencing errors are harmless—and must be disregarded—when they don't affect a defendant's substantial rights. Fed. R. Crim. P. 52(a). Harmless error occurs when "the appellate court can determine from the record that the same sentence would be imposed on remand." *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009).

Some errors are presumptively harmful. An incorrect Guidelines calculation, for example, will usually affect a defendant's substantial rights because the Guidelines "serve as the starting point for the district court's decision and anchor the court's discretion in selecting an appropriate sentence." *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1349 (2016). District courts begin the sentencing process by calculating the Guidelines range, and they use that calculation as a lodestar to "inform and instruct the . . . determination of an appropriate sentence." *Id.* at 1346. Given the systematic, predictable influence a Guidelines range has on the sentencing process, a defendant can generally show an incorrect calculation "was not harmless and that there is 'a reasonable probability of a different outcome'" once the error is corrected. *United States v. Susany*, 893 F.3d 364, 368 (6th Cir. 2018) (quoting *Molina-Martinez*, 136 S.Ct. at 1346).

In the typical case, a statutory range of punishment impacts the sentencing process less substantially than a Guidelines calculation. *See United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013) ("An incorrect Guidelines range presents a distinct and more serious procedural error than an incorrect statutory range because of the process that district courts must use to arrive at a sentencing decision."). In *McCloud* the district court mistakenly believed the defendant's statutory punishment range was 5–40 years; the correct range was 0–20 years. *Id.* at 601–02. After calculating the Guidelines range, the court imposed a within-Guidelines sentence of 140 months. *Id.* This court affirmed the sentence because even though the district court "committed procedural

error" by miscalculating the statutory range of punishment, the error did not affect the defendant's substantial rights. *Id.* at 602. The district court imposed a within-Guidelines sentence, the sentence fell within both the correct and incorrect statutory ranges, and the district court never referenced the statutory range when it reasoned through its sentencing decision.

This court reached the same conclusion in *United States v. Hopkins*, 295 F.3d 549 (6th Cir. 2002). The defendant in *Hopkins* appealed a 135-month sentence for possessing methamphetamine with the intent to distribute it. *Id.* at 550. And as in *McCloud*, there was "no question that an error occurred" at sentencing; the district court believed the defendant's statutory range was 10 years to life when, in actuality, the range was 5–40 years. *Id.* at 552. The sole disputed question was "whether the sentencing court so relied on the error as to affect Hopkins's substantial rights and cause a serious miscarriage of justice." *Id.* Because the sentence fell within the Guidelines and within both the correct and incorrect statutory ranges, and because the district court never mentioned the statutory range when it reasoned through the defendant's sentence, the incorrect statutory range did not affect the defendant's substantial rights. *Id.* at 554.

The district court's explanation of its sentencing reasoning was determinative in *McCloud* and *Hopkins*, and the same is true here. Every indication suggests the district court relied on the Guidelines and the § 3553 factors and not the statutory range of punishment when it imposed Krishen's sentence. The district court explained that its "job" at sentencing was to "consider the Advisory Sentencing Guidelines and the 3553 factors." And it meticulously performed its job. It heard Guidelines-related arguments from both parties, and, after applying numerous increases and deductions, it settled on a Guidelines range of 151–188 months. Then it weighed the relevant § 3553 factors and rendered a sentence of 180 months imprisonment.

As in *McCloud* and *Hopkins*, the district court imposed a within-Guidelines sentence, the sentence fell within the pre-enhancement statutory range, and the court arrived at the sentence without reference to the statutory range of punishment. So, as with the panels in *McCloud* and *Hopkins*, we have no basis to say the § 2426(a) enhancement or the statutory range of punishment affected Krishen's substantial rights.

Krishen's counterarguments are speculative at best. Under any fair reading of the sentencing transcript, the district court began and ended with the Guidelines range and the § 3553 factors. Because it's clear to us that Krishen would receive the same sentence on remand, no sentencing error affected his substantial rights. *See United States v. Alford*, 436 F.3d 677, 683 (6th Cir. 2006) (finding harmless error where the court was "convinced that a more lenient sentence would not be imposed on remand given the district court's actions and explanation").

**AFFIRMED**.