NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0177n.06

No. 22-3140

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 20, 2023 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
|  | ) | ON APPEAL FROM THE |
| EDWARD LIGHTNING, | ) | UNITED STATES DISTRICT |
| Defendant-Appellant. | ) | COURT FOR THE NORTHERN |
|  | ) | DISTRICT OF OHIO |
|  | ) | |
|  | ) | OPINION |
|  | ) | |

Before: COOK, GRIFFIN, and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

Edward Lightning pleaded guilty to being a felon in possession of a firearm, and the district court imposed a 120-month term of imprisonment. We reversed and remanded for resentencing, concluding that sentence was substantively unreasonable. *United States v. Lightning*, 835 F. App'x 38, 39 (6th Cir. 2020). On remand, the district court cut the original sentence in half—63 months. Lightning again challenges the substantive reasonableness of his sentence. Finding no error this time, we affirm.

I.

In 2019, Lightning pleaded guilty to one count of being a felon in possession of a firearm. With an offense level of 12 and a criminal history category of VI, the Guidelines-recommended sentencing range was 30 to 37 months' imprisonment. *Id.* Despite both parties' requests for a within-Guidelines sentence, the district court—motivated primarily by Lightning's "lengthy

criminal record"—varied upward to the statutory maximum sentence of 120 months. *Id.* at 39–40. Lightning appealed.

In reversing, we noted that Lightning's criminal history was not violent and his criminal history category adequately accounted for that history. *Id.* at 40–42. We further found relevant the need to avoid unwarranted sentencing disparities, because "[t]he average sentence for someone in Lightning's criminal history category for being a felon in possession of a firearm crime would be seventy-seven months, already significantly higher than Lightning's Guidelines range." *Id.* at 43. We concluded that "[t]he sheer mundanity of Lightning's circumstances makes it difficult to read the district court's explanation of its sentence and not be left with 'a definite and firm conviction that the district court committed a clear error of judgment.'" *Id.* at 43–44 (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020)). Thus, we vacated Lightning's sentence and remanded for resentencing. *Id.* at 44.

At resentencing, Lightning's Guidelines range remained the same (30 to 37 months). The district court noted that Lightning had several disciplinary infractions while incarcerated and he had previously served a 55-month sentence for the same crime. Accordingly, the court chose a sentence that was "greater than the 55 months that didn't appear to be effective but lower than the national average" of 77 months, and sentenced Lightning to 63 months' imprisonment. Lightning timely appealed.

## II.

As before, Lightning argues that his sentence is substantively unreasonable. In other words, he argues that this sentence is "too long" given his circumstances. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A claim of substantive reasonableness is "that the court placed too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others[.]" *Id.*

We review a claim of substantive reasonableness for an abuse of discretion. *Id.* And because the district court chose a sentence outside the Guidelines range, it must supply a "justification [that] is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Two factors guide us to the conclusion that, this time, the district court did not abuse its discretion. First, it is undisputed that Lighting's 63-month sentence is now below the 77-month national average sentence for similarly situated defendants, so disparity is no longer a concern. *See* 18 U.S.C. § 3553(a)(6). Second, and more importantly, this is Lightning's third conviction for the same crime, and he served concurrent 55-month sentences for his two previous felon-in-possession convictions before committing the instant offense. That was an appropriate factor for the district court to consider, and it supports an upward variance. *See United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011); *see also United States v. Smith*, 779 F. App'x 308, 312 (6th Cir. 2019) (per curiam) (finding no abuse of discretion when the district court varied upward to a 77-month sentence from a Guidelines range of 51 to 63 months, when previous sentences of 60 and 72 months had not deterred the defendant); *United States v. Ibarra-Rodriguez*, 711 F. App'x 288, 292 (6th Cir. 2017) (finding no abuse of discretion when the district court varied upward to a 30-month sentence from a Guidelines range of 10 to 16 months when previous sentences had not deterred the defendant). Here, Lightning's previous convictions demonstrate that he was undeterred by a 55-month sentence, so the district court was sufficiently justified in varying to a longer 63-month sentence. In sum, the district court considered these and other relevant factors and crafted a sentence that complies with the purposes of § 3553(a).

Lightning resists. He argues that the district court placed too much weight on some § 3553(a) factors, largely because he "barely" qualified for Criminal History Category VI. But the

district court was free to place greater weight on some § 3553 factors than others, including the discretion to "place substantial weight" on a defendant's criminal history. *United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005). Given that Lightning's previous convictions and sentence did not deter him from reoffending, the district court did not place undue weight on this factor. *See Nixon*, 664 F.3d at 626; *Smith*, 779 F. App'x at 312; *Ibarra-Rodriguez*, 711 F. App'x at 292. And we will not find his sentence unreasonable just because Lightning would have balanced the factors differently. *See Gall*, 552 U.S. at 51; *United States v. Tristan-Madrigal*, 601 F.3d 629, 639–40 (6th Cir. 2010).

III.

For these reasons, we affirm the judgment of the district court.