NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0606n.06

Case No. 19-2177

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff - Appellee, | ) | Oct 26, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ANTHONY WALLACE | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| Defendant - Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, MOORE, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Anthony Wallace appeals his within-guidelines sentence of 54 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court abused its discretion by stating that Wallace could jeopardize his credit for acceptance of responsibility if he objected to a specific guidelines enhancement. Wallace also argues that he received ineffective assistance of counsel when his lawyer withdrew the objection to the same enhancement. Finally, Wallace challenges the procedural and substantive reasonableness of his sentence. We affirm Wallace's sentence because the district court did not abuse its discretion. We decline to consider Wallace's ineffective assistance of counsel claim, finding it better resolved in a motion under 28 U.S.C. § 2255, rather than on direct appeal.

I.

On April 25, 2019, a woman called local police to report that Wallace had pointed a gun at her as she exited her home. Officers were dispatched to the area and, after locating Wallace, attempted to detain him for questioning. Wallace fled on foot. As he fled, Wallace turned toward a pursuing officer and pulled at his waist, where the officer could see the handle of a pistol. Wallace tripped and fell to the ground as a second officer attempted to subdue him. According to the presentence report, Wallace ignored verbal commands to show his hands and repeatedly attempted to pull the firearm from his waistband as he lay on the ground. The officers eventually removed the firearm and took Wallace into custody.

Wallace had multiple previous felony convictions, including several firearm offenses. The single-count indictment in this case charged Wallace with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After initially pleading not guilty, Wallace signed a plea agreement admitting to the charge and agreeing to forfeit the firearm involved.

The presentence report calculated Wallace's base offense level at 20 due to a previous felony conviction for assault on a prison employee. *See* U.S.S.G. § 2K2.1(a)(4)(A). The presentence report recommended adding four points for using or possessing a firearm in connection with another felony offense; here, felony assault. *See* U.S.S.G. § 2K2.1(b)(6)(B). The presentence report also recommended adding two points for reckless endangerment during flight from a law enforcement officer. *See* U.S.S.G. § 3C1.2. Finally, the presentence report recommended reducing Wallace's offense level by three points based on his acceptance of responsibility, resulting in a total offense level of 23. *See* U.S.S.G. § 3E1.1.

Wallace filed two objections to the presentence report. First, he argued that his base offense level was improperly calculated because his prior conviction for assault on a prison

employee was not a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). Second, Wallace contested the two-point enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2. Wallace "dispute[d] the characterization of his brief flight as involving the actual attempt to retrieve a firearm . . . rather than [reaching for] his pants." DE 25, Def.'s Sent. Mem. and Mot. for Downward Variance, Page ID 99–100. He asserted that there were "no repeated demands that he show his hands once on the ground, [and] no orders to put down a weapon or let go of a weapon." *Id*. at 91. Wallace argued that his conduct did "not rise to the sort of recklessness, akin to involuntary manslaughter, necessary for the application of the enhancement." *Id*. at 100. Wallace did not challenge the four-point enhancement for using a firearm in connection with another felony offense.

The government agreed that Wallace's base offense level had been improperly calculated but supported the two-point enhancement for reckless endangerment during flight. The enhancement was appropriate, in the government's view, because Wallace had "reach[ed] for his own waistband, which he knew contained a pistol, all while facing the officer" and stood "in the same stance as if he were about to draw a pistol." DE 29, Gov't Sent. Mem., Page ID 122. Counsel for Wallace subsequently filed a response "withdraw[ing] the objection to application of the two-point enhancement . . . [i]n light of the government's correct factual recitation, and the defense's further review of the multiple camera angles." DE 27, Def.'s Resp. to Gov't Sent. Mem., Page ID 116. The response "concede[d] that the orders to drop the gun occurred while fleeing *and* continued while Mr. Wallace was on the ground." *Id*.

At the sentencing hearing, counsel for Wallace replied, "Yes," when asked whether Wallace was "accepting the reckless endangerment two-point enhancement." DE 36, Sent. Tr., Page ID 170. When asked about the four-point enhancement for using a firearm in connection

with another felony offense, counsel for Wallace indicated there was "some dispute about that . . . but it's not a material objection." *Id.* The district court replied that if the defense disputed the facts surrounding the in-connection-with enhancement, the court would "have to adjourn and the parties could decide whether they want[ed] to bring evidence, but that would also implicate acceptance." *Id.* at 171. Defense counsel responded that he was "not disputing it." *Id.*

The district court calculated Wallace's final offense level to be 17, based on the adjusted base offense level, the two enhancements, and the reduction for acceptance of responsibility. Considering Wallace's criminal history, the district court determined that the sentencing guidelines range was 46 to 57 months. Counsel for Wallace agreed. The district court sentenced Wallace to 54 months' imprisonment, explaining that it had considered the government's interest in deterrence, Wallace's use of the firearm to threaten another person, his extensive criminal history, and signs of his progress. When asked if the defense had any legal objections to the sentence, defense counsel replied, "No." Wallace timely appealed.

II.

Wallace raises three arguments on appeal. First, he argues that the district court's comments improperly chilled defense counsel from objecting to the two-point enhancement for reckless endangerment during flight under § 3C1.2. Second, and relatedly, Wallace contends that he was denied effective assistance of counsel when his lawyer withdrew the objection to the enhancement for reckless endangerment during flight. Third, Wallace contests the procedural and substantive reasonableness of his within-guidelines sentence of 54 months' imprisonment. We affirm Wallace's sentence and dismiss his ineffective assistance of counsel claim, which he may choose to raise in a motion pursuant to 28 U.S.C. § 2255.

A.

First, Wallace argues that the district court's comments during sentencing implied that objecting to the reckless endangerment enhancement "may result in the loss of acceptance of responsibility points," which "had an obvious and detrimental chilling effect on defense counsel." CA6 R. 20, Appellant Br., at 17. Wallace claims that the "trial court ha[d] no discretion" to refuse to grant the reduction in offense level for acceptance of responsibility, so the trial court abused its discretion by suggesting that it could. CA6 R. 24, Reply Br., at 2. We review sentencing determinations for abuse of discretion. *United States v. Gillispie*, 929 F.3d 788, 789 (6th Cir. 2019).

Wallace does not cite any legal basis to support his claim that the district court's comments chilled defense counsel from pressing an objection. Since Wallace has not developed this argument, he has waived it. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004) (quoting *Popovich v. Cuyahoga Cnty. Ct. of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002) (Ryan, J., concurring in part)).

In any event, the court's comments on the acceptance of responsibility reduction had nothing to do with the enhancement for reckless endangerment during flight. The colloquy between the court and defense counsel was about an entirely separate issue: the four-point enhancement for using a firearm in connection with another felony. When defense counsel indicated some potential dispute with the facts surrounding the in-connection-with enhancement, the district court warned that disputing the facts "would also implicate [the] acceptance [reduction]." DE 36, Sent. Tr., Page ID 171. After defense counsel stated that he was "not disputing it," the court further clarified that there might have been a "problem with acceptance"

had "the parties disputed the factual basis for the in-connection-with enhancement." *Id*. at 171–72. The court's comments were not pertinent to the enhancement for reckless endangerment. Additionally, they could not have "chilled" defense counsel from arguing the reckless endangerment issue, since counsel had already filed a response to the government's sentencing memorandum withdrawing the objection to that enhancement.

Regardless, the district court's warning was accurate. Contrary to Wallace's assertion, the sentencing court has the discretion to deny a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmts. 1–6; *United States v. McCloud*, 730 F.3d 600, 605 (6th Cir. 2013) ("The district court's decision to deny an acceptance-of-responsibility reduction is 'entitled to great deference on review.'"). The sentencing court may deny the reduction for acceptance of responsibility if the defendant "falsely denies, or frivolously contests, relevant conduct that the court determines to be true." U.S.S.G. § 3E1.1 cmt. 1(A). If Wallace had contested the basis for the in-connection-with enhancement—that he pointed a gun at another person—the court could have withheld the reduction for acceptance of responsibility if it determined that the challenge was a false denial or frivolous. Apprising defense counsel of this fact was not an abuse of discretion.

B.

Next, Wallace argues that his counsel's withdrawal of the objection to the reckless endangerment enhancement was deficient performance constituting ineffective assistance of counsel. Wallace raises this claim on direct appeal from the district court's sentencing determination. "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). Given the importance of developing an adequate factual record,

an ineffective assistance of counsel claim is best brought in a post-conviction proceeding under 28 U.S.C. § 2255. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992). When we have only a "small window into defense counsel's thought process," our practice has been to decline review on direct appeal. *United States v. Levenderis*, 806 F.3d 390, 401–02 (6th Cir. 2015). Therefore, we decline to review Wallace's claim at this stage. The proper way for Wallace to raise his ineffective assistance of counsel claim is through a post-conviction motion pursuant to § 2255.

C.

Finally, Wallace contests the procedural and substantive reasonableness of his sentence, claiming that the district court "failed to fully and completely consider the 3553(a) factors." CA6 R. 20, Appellant Br., at 23–27. Wallace argues that the court "at best made a cursory comment as to some of the factors noting the court's ambivalence," leaving only "simple and conclusory assertions without a real and meaningful examination of the 3553 factors." *Id*. at 26. Wallace's claim of procedural unreasonableness fails because the district court committed no error, and the claim of substantive reasonableness fails because the district court did not abuse its discretion in selecting a within-guidelines sentence.

Criminal sentences must be procedurally and substantively reasonable, and we determine reasonableness under the deferential abuse-of-discretion standard. *United States v. Alexander*, 543 F.3d 819, 821–22 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). However, if the defendant fails to raise procedural objections to his sentence in the district court when given the opportunity, we review those claims for plain error. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

After announcing the proposed sentence, the district court asked each party whether it had any objections. Counsel for Wallace replied, "No." DE 36, Sent. Tr., Page ID 183. Since Wallace

"declined the court's invitation to address . . . the adequacy of the court's explanation for the sentence," his claim of procedural unreasonableness is reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). To establish plain error, Wallace must show that there was (1) an error by the district court, (2) the error was obvious, (3) the error "affected [his] substantial rights," and (4) the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Ataya*, 884 F.3d 318, 322 (6th Cir. 2018) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Wallace cannot make the first showing because there was no error. His only procedural unreasonableness argument is that the court failed to fully consider the factors laid out in 18 U.S.C. § 3553(a). That section requires the sentencing judge to adequately explain the reasons for imposing the sentence, including the court's "rationale for concluding that the sentence imposed is 'sufficient but not greater than necessary.'" *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (quoting § 3553(a)). The record must reflect that the district court "considered all of the § 3553(a) factors" when determining the sentence. *Id*. at 579. But the district court "need not explicitly reference each of the § 3553(a) factors," *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010), in a "ritualistic incantation," *Bolds*, 511 F.3d at 580 (quoting *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999)).

Wallace does not identify a specific factor that the district court failed to consider. He cites only one decision, *United States v. Ferguson*, 518 F. App'x 458 (6th Cir. 2013), in which he says we "reversed and remanded a similar record." CA6 R. 20, Appellant Br., at 26. In that unpublished decision, we reversed the sentence where the district court had provided only a general statement that it had "considered the nature and circumstances of the offense, the history and characteristics

of the defendant, and the advisory guideline range, as well as other factors." *Ferguson*, 518 F. App'x at 470.

By contrast, the district court here demonstrated its consideration of each of the § 3553(a) factors in arriving at the 54-month sentence. The court contemplated the "nature of the offense," § 3553(a)(1), noting that although no one was hurt, a gun had been used to threaten another person. The court considered Wallace's "significant criminal history involving firearms," including "significant juvenile history," as well as mitigating evidence showing his improved compliance with parole conditions. DE 36, Sent. Tr., Page ID 180–81; *see* § 3553(a)(1). The court considered the government's interest "in prohibiting people with prior felonies from having firearms," a concern of particular importance here because Wallace "actually used [the firearm] to threaten another citizen." DE 36, Sent. Tr., Page ID 179; *see* § 3553(a)(2). The court thought that "message need[ed] reinforcement." DE 36, Sent. Tr., Page ID 179; *see* § 3553(a)(5). The court decided against an upwards variance based on signs of Wallace's progress and declined a downwards departure. *See* § 3553(a)(3)–(4). And in selecting a sentence below the top end of the guidelines, the court credited Wallace for providing "really thoughtful, insightful comments . . . about his situation, [and] decid[ing] what he needs to do to overcome it . . . [u]nlike a lot of people in his position." DE 36, Sent. Tr., Page ID 180; *see* § 3553(a)(6).

The district court gave a clear explanation for the sentencing decision and considered each of the § 3553(a) factors. We reject Wallace's claim of procedural unreasonableness because we find no error, let alone plain error.

For similar reasons, Wallace's sentence was substantively reasonable. Sentences imposed within the guidelines range are entitled to a rebuttable presumption of reasonableness. *Alexander*, 543 F.3d at 822. A sentence might be substantively unreasonable where the district court "selects

a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). However, we must give "due deference" to the district court's consideration of the sentencing factors. *Bolds*, 511 F.3d at 581 (quoting *Gall*, 552 U.S. at 39).

Wallace claims that the district court "failed to weigh the relevant factors . . . and then just plugged in a number mid-way." CA6 R. 20, Appellant Br., at 27. But as the above discussion reflects, the district court selected the sentence of 54 months after carefully considering the sentencing guidelines and the § 3553(a) factors, in light of the case's aggravating and mitigating circumstances. We cannot say that the district court abused its discretion in selecting the within-guidelines sentence.

III.

For the reasons stated, we affirm Wallace's sentence. We decline to consider his claim of ineffective assistance of counsel, which he may choose to raise in a motion filed pursuant to 28 U.S.C. § 2255.